OPINION
United States Pumice Company appeals from a judgment of dismissal, rendered after a bench trial, of its complaint against Keith Petrequin. We reverse. (G-S Supply Co., Inc. is not involved in this appeal).
Pumice sued Petrequin for $10,901.71, representing the cost of materials shipped to "Bur-Tex/Garden-Aid" in Dayton, Ohio.
Bur-Tex Corporation, which was owned by Petrequin and his wife, Lynn Petrequin, did business under the name "Bur-Tex/Garden-Aid."
The testimony established that when Pumice's sales representative, Ed Hogan, authorized the sale to Bur-Tex/Garden Aid, he thought Petrequin was a sole proprietor, doing business as "Bur-Tex/Garden-Aid." Petrequin, on the other hand, intended the purchaser to be Bur-Tex Corporation.
There is no question that Bur-Tex/Garden-Aid sold 36+ of the 40 pallets of Pumice's material that Pumice had shipped to it and paid Pumice nothing for the material Pumice had shipped. Pumice was able to retrieve from Bur-Tex/Garden-Aid the remaining 3+ pallets.
Although some of Petrequin's testimony tended to show that Hogan knew or should have known he was dealing with a corporation, this evidence was not particularly impressive, especially when contrasted with Hogan's testimony and Pumice's Exhibits 1 and 2 — being Bur-Tex/Garden-Aid's purchase order and application for credit. Neither document revealed that the purchaser was Bur-Tex Corporation or any other corporation and the application listed Petrequin and his wife as the principals of "Bur-Tex/Garden-Aid." In any event, the trial court did not find that Pumice, through Hogan or any other employee, knew or should have known it was dealing with a corporation as purchaser. Rather, the trial court concluded:
 "(Pumice) had the responsibility to determine the entity with which it was dealing. The name "Bur-Tex/Garden Aid", without anything more failed to disclose the existence of a corporation, limited liability company, etc. Thus Plaintiff should have been on notice that it was dealing with a dba situation."
Because Pumice failed to determine it was dealing with Bur-Tex Corporation, and not Petrequin, and had failed to sue Bur-Tex Corporation, the trial court dismissed Pumice's complaint, precipitating this appeal wherein Pumice advances the following assignment of error and issue for review.
 ASSIGNMENT OF ERROR
The trial court's dismissal of the complaint as to Defendant Keith Petrequin was error.
 ISSUE PRESENTED BY SOLE ASSIGNMENT OF ERROR An individual, applied for credit and ordered goods under the name "Bur-Tex/Garden Aid." No corporation was indicated. No corporation with that name exists. The individual co-owns a corporation that does business using that name, but the individual never disclosed either the name or the existence of that corporation to the seller. Is the individual liable for the cost of the goods?
Pumice's authority for its statement of the issue is Dunn v. Westlake (1991), 61 Ohio St.3d 102 at 106:
 It is well-settled in the law of agency that an agent who discloses neither the existence of the agency nor the identity of the principal is personally liable in his or her contractual dealings with third parties. See, e.g., 1 Mechem, The Law of Agency (2 Ed. 1914) 1039-1041, Section 1410. See, generally, Davis v. Harness (1882), 38 Ohio St. 397; and James G. Smith Assoc., Inc. v. Everett (1981), 1 Ohio App.3d 118, 120-121, 1 OBR 424, 427, 439 N.E.2d 932, 935 (where the existence of the agency and the identity of the principal are unknown to the third party, the dealing is held to be between the agent and the third party and the agent is liable). The reason for this rule is simple. The third party who deals with an agent while unaware of the existence of the principal and the agency relationship intends to deal with the agent, and relies upon the agent's ability to perform. See id.
Petrequin does not dispute the principle of law upon which Pumice relies, but argues that Pumice knew or should have known that it was dealing with a corporation. As stated above, Petrequin's evidence in support of this argument is not particularly impressive when contrasted with that of Pumice tending to show just the opposite.
Significantly, the trial court, which rendered findings of fact, did not find that Pumice knew or should have known it was dealing with a corporation. (It is difficult to imagine, given the dispositive issue in this case, that the trial court would not have made such a finding if it had concluded that the preponderance of the evidence warranted it). Rather, the trial court apparently concluded — without citation to authority — that it didn't matter whether Petrequin disclosed that the sale was to Bur-Tex Corporation and not to him as a sole proprietor because it was Pumice's responsibility to determine with whom or with what it was dealing.
This conclusion is contrary to the principle enunciated in Dunn v. Westlake and requires reversal of the dismissal of the complaint against Petriquin. The matter will be remanded to the trial court for the determination of Pumice's damages. Although Pumice claims damages of $10,901.71 and interest, Exhibit 5 and Hogan's testimony reveal that Pumice issued Bur-Tex/Garden-Aid a $750 credit for 3+ pallets of the material from the original shipment that it retrieved from Bur-Tex/Garden-Aid and resold to North Dayton Garden Center.
The assignment of error is sustained.
The judgment of dismissal will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
 ____________ WOLFF, P. J.
BROGAN, J. and GRADY, J., concur.